# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MANSOUR MOHAMMAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 11 C 1908** |
| | ) | |
| **v.** | ) | **Judge Ronald Guzman** |
| | ) | |
| **SERGEANT NALEPA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a pretrial detainee at Cook County Jail, sues defendant, a Cook County Jail corrections officer, pursuant to 42 U.S.C. § 1983 for excessive force and deliberate indifference to plaintiff's serious medical needs. Defendant has filed a Federal Rule of Civil Procedure 56 motion for summary judgment. For the reasons stated below, the motion is denied.

## Facts

Defendant urges the Court to disregard plaintiff's response to defendant's LR 56.1 fact statement because it does not conform to the Local Rule. *See Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("[W]e have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."). The Court declines to do so, however, because plaintiff is proceeding *pro se*, his response substantially complies with the rule and his version of the facts is also set forth in his deposition, which defendant has submitted for the record.

Accordingly, the Court will consider factual assertions plaintiff makes that are based on his personal knowledge. *See* Fed. R. Evid. 602.

On November 19, 2010 at 1:30 p.m., plaintiff returned to the Jail after a court appearance with his hands cuffed behind him and his legs in shackles. (Def.'s Ex. 1, Pl.'s Dep. at 16:1-13, 17:7-10, 27:9-16.) Defendant scanned plaintiff's court papers for contraband and discovered that they contained a paperclip, an item banned from the Jail. (Def.'s Ex. 3, Def.'s Aff. ¶¶ 3-5; Def.'s Ex. 1, Pl.'s Dep. at 19:6-13.)

When defendant told plaintiff he could not have the paperclip, plaintiff responded, "f*** you." (Def.'s Ex. 1, Pl.'s Dep. at 21:1-2, 8-9; Def.'s Ex. 3, Def.'s Aff. ¶ 7.) Plaintiff admits that he swore at defendant but claims he did so because defendant called him a "camel jockey." (Def.'s Ex. 1, Pl.'s Dep. at. 21:7-8.) After the curse, defendant punched plaintiff in the head five to ten times. (*Id.* at 24:14-28:14, 34:16-21, 49:20-53:11.) Immediately thereafter and for the next two days, plaintiff repeatedly asked defendant and other correctional officers to obtain medical treatment for him, but his requests were ignored. (*Id.* at 55:22-65:22.)

Two days later, on November 21, 2010, plaintiff became dizzy and fell off a stool in his cell. (*Id.* at 47:5-49:10.) Jail officials took plaintiff to Cermak Health Services, where plaintiff complained to Dr. Ayala of head pain and dizziness. (*Id.* at 53:8-10, 68:5-13; Def.'s Ex. 2, Ayala Aff. ¶¶ 2-3.) Ayala reported seeing a "superficial scrape" on the right side of plaintiff's head, but no bruising, swelling or other indication that plaintiff had recently been beaten. (Def.'s Ex. 2, Ayala Aff. ¶¶ 6-7.)

On December 1, 2010, Dr. Terrance Baker examined plaintiff, who again complained of headaches and dizziness. (Def.'s Ex. 5, Baker Aff. ¶¶ 2-3; Def.'s Ex. 1,

Pl.'s Dep. at 72:5-73:23.)  Baker noted an abrasion on the top of plaintiff's head but saw no other signs of trauma.  (Def.'s Ex. 5, Baker Aff. ¶ 6.)  He prescribed pain medication for plaintiff, which plaintiff said eased but did not eliminate the pain, which persists today.  (Def.'s Ex. 1, Pl.'s Dep. at 73:16-74:1.)

## Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In deciding the motion, the Court construes all facts and draws all reasonable inferences in the non-movant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v. Univs. Research Ass'n, Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The Court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter.  The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009).

Correctional officers have the right to use reasonable force against a prison inmate to enforce discipline and maintain institutional security.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  They may not, however, use excessive force, *i.e.*, that which is not "applied in a good-faith effort to maintain or restore discipline," but "maliciously and sadistically to cause harm."  *Id.*  Factors relevant to determining whether force was excessive include whether defendant perceived plaintiff as a threat, whether the force defendant used was commensurate with the threat, whether defendant tried to limit the

severity of the force and the extent of the injury plaintiff suffered as a result. *Id.*; *Forrest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010).

Viewed in plaintiff's favor, the record suggests that defendant repeatedly punched plaintiff in the head when he was in handcuffs and shackles because plaintiff swore at him. This evidence raises a triable issue of fact as to whether defendant used excessive force. Thus, defendant's motion for summary judgment on this claim is denied.

Plaintiff also alleges that defendant was deliberately indifferent to his serious medical needs. To defeat defendant's motion on this claim, plaintiff must offer evidence that suggests he had an objectively serious medical need, *i.e.*, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention" and that defendant was aware of, and deliberately disregarded, the risk that need posed to plaintiff's health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Viewed favorably to plaintiff, the record supports the inference that defendant, having delivered a series of blows to plaintiff's head when plaintiff was totally defenseless, knew that plaintiff was in pain but deliberately ignored his requests for medical attention. This evidence is sufficient to defeat defendant's motion for summary judgment on the deliberate indifference claim. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference."); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.").

## Conclusion

For the foregoing reasons, defendant's motion for summary judgment [56] is denied and plaintiff's motion for status [83] is stricken as moot. At the next status hearing, the parties should be prepared to set dates for filing the final pretrial order and for trial.

**SO ORDERED.**                    **ENTERED: July 16, 2013**


_____
**HON. RONALD A. GUZMAN**
**United States District Judge**